Matter of Dumas (2025 NY Slip Op 00048)

Matter of Dumas

2025 NY Slip Op 00048

Decided on January 07, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding
Lizbeth González Saliann Scarpulla Julio Rodriguez III Marsha D. Michael
Justices.

Motion No. 2024-05081 Case No. 2024-06248 

[*1]In the Matter of Tadashi Nadir Dumas an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Tadashi Nadir Dumas (OCA Atty Reg. 4338927), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Tadashi Nadir Dumas, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 13, 2004.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Sean A. Brandveen, of counsel), for petitioner.
Norman L. Reimer, Esq., for respondent.

Per Curiam 

Respondent Tadashi Dumas was admitted to the practice of law in the State of New York by the First Judicial Department on December 13, 2004, under the name Tadashi Nadir Dumas. At all times relevant herein, respondent maintained a registered address within the First Judicial Department.
In July 2024, the Attorney Grievance Committee (AGC) served respondent, through counsel, with a judicial subpoena ad testificandum and a copy of a complaint against respondent. Respondent and the AGC subsequently agreed to adjourn the return date of the subpoena and the deadline for respondent to answer the complaint based on respondent's counsel's representations regarding respondent's illness and supporting medical documentation. By letter dated October 3, 2024, the AGC advised respondent to either submit an answer to the allegations or file a motion seeking a determination that he is incapacitated by October 17, 2024.
Accordingly, by motion dated October 16, 2024, respondent now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (NYCRR) § 1240.14(b), declaring that respondent is incapacitated from practicing law due to debilitating medical and mental health issues, immediately suspending him from the practice of law, and staying the AGC's investigation until such time as respondent is no longer incapacitated.
Respondent asserts that he is currently both medically and mentally incapable of practicing law. He further contends that he is unable to participate in the AGC's investigation not only due to his impaired health, but because doing so would put him at risk of worsening his condition. The AGC does not oppose respondent's motion for an incapacity suspension or for a stay of the AGC's investigation, based on the medical evidence provided.
As respondent has presented sufficient evidence of his incapacity to practice law, immediate suspension is warranted, pursuant to 22 NYCRR 1240.14(b) (see Matter of Platt, 113 AD3d 68 [1st Dept 2013]; Matter of Fusco, 18 AD3d 81 [1st Dept 2005]).
Accordingly, respondent's motion should be granted, and respondent is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.14(b), effective immediately, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney [*2]Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.14(b), is granted, and respondent, Tadashi Nadir Dumas, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Tadashi Nadir Dumas, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Tadashi Nadir Dumas, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Tadashi Nadir Dumas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: January 7, 2025